# UNITED  STATES  DISTRICT  COURT

## SOUTHERN  DISTRICT  OF  OHIO
## WESTERN  DIVISION

———————————————

Jermaine Johnson,
      Petitioner,

      vs.                         Case No. 1:09cv336
                               (Beckwith, S.J.; Wehrman,

M.J.)

Warden, Lebanon Correctional
Institution,
      Respondent.

———————————————

## REPORT AND RECOMMENDATION

———————————————

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition and respondent's return of writ with exhibits.  (Docs. 3, 11).

## Procedural Background

On December 3, 2004, the Hamilton County, Ohio, grand jury returned a three-count indictment charging petitioner with one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) and two counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2); firearm specifications were attached to each count. (Doc. 11, Ex. 1).

Following a jury trial, petitioner was found guilty as charged. (*Id.*, Ex. 4).  On May 13, 2005, he was sentenced to the following consecutive terms of imprisonment: a nine-year prison term for the aggravated robbery offense, to be served after a three-year prison term on one of the attached firearm specifications;[1] and three-year prison

terms for each robbery offense.  (*Id.*, Ex. 7).   The trial court further ordered that the sentences were to be served consecutively to a one-year sentence imposed in another prior case for a post-release control violation, and that the "total incarceration for [the two cases] is nineteen (19) years."[2]  (*Id.*).

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District.  He asserted five assignments of error on appeal.  In three assignments of error, petitioner essentially argued that the verdicts of guilt were not supported by sufficient evidence and were against the manifest weight of the evidence.  (*See id.*, Ex. 9, Assignments of Error 2-4).  In the remaining two assignments of error, petitioner challenged his sentence.  Specifically, in the first assignment of error, petitioner claimed that the "the trial court erred to the prejudice of Defendant-Appellant in sentencing him on Counts 1, 2, and 3" because the counts "should have been merged as offenses of a similar import;" in the fifth assignment of error, petitioner alleged that the "trial court erred to the prejudice of Defendant-Appellant by utilizing sentencing procedures which are unconstitutional" under the Sixth Amendment in light of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  (Doc. 11, Ex. 9, Assignments of Error 1, 5).

On December 8, 2006, the Ohio Court of Appeals issued a decision overruling the three assignments of error challenging the sufficiency and weight of the evidence; however, the court sustained petitioner's fifth assignment of error challenging the imposition of consecutive sentences under *Apprendi/Blakely/Booker* and sustained in part petitioner's first assignment of error to the extent that the two robbery counts should have been merged for sentencing purposes. (*See id.,* Ex. 11).  The court vacated both the multiple sentences for the robbery offenses and "the remainder of the sentences due to the error in making the sentences run consecutively," and remanded the case for resentencing "with the proviso that the trial court may impose only one sentence for the two robbery offenses."  (*Id.*, p. 12). Respondent states that petitioner did not pursue an appeal to the state supreme court from this decision.  (*Id.*, Brief, p. 3).

On January 19, 2007, petitioner was resentenced in accordance with the remand order to the same aggregate prison sentence that was originally imposed.  The trial court sentenced petitioner to the same consecutive prison terms of nine (9) years for the aggravated robbery offense and three (3) years on the merged firearm specification attached to the aggravated robbery count, but resentenced petitioner to a six (6) year term for the merged robbery offense.  (*See id.*, Ex. 12). As previously ordered, these prison terms were to be served consecutively to a one- year sentence imposed in a prior case for a post-release control violation, for a total sentence of nineteen (19) years.  (*See id.*).

With the assistance of the same attorney who had represented him on his initial appeal, petitioner timely appealed the resentencing decision to the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 13).  In his appellate brief, petitioner asserted three assignments of error.  He claimed in the first two assignments of error that the trial court imposed a sentence that was "contrary to law" because the sentence was "vindictive" and "excessive;" in the third assignment of error, petitioner alleged that the trial court erred in sentencing him for both aggravated robbery and robbery because the two charges should have been merged for sentencing purposes.  (*See id.,* Ex. 14).

On December 7, 2007, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment on resentencing.  (*Id.,* Ex. 16).  Petitioner's counsel pursued a timely appeal from this decision to the Supreme Court of Ohio, asserting the same three claims of error that he had raised to the Ohio Court of Appeals.  (*Id.,* Exs. 17, 18).  On May 7, 2008, the Supreme Court of Ohio declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question."  (*Id.,* Ex. 19).

No further action was taken by petitioner to challenge his convictions or sentence until February 4, 2009, when petitioner filed a *pro se* motion to vacate the judgment of conviction with the trial court; petitioner contended in the motion that the indictment was defective under the Supreme Court of Ohio's decision in *State v. Colon,* 885 N.E.2d 917 (Ohio 2008).  (*Id.,* Ex. 20).  On April 19,

2009, the trial court denied the motion without opinion.  (*Id.,* Ex. 22).

Petitioner next commenced the instant federal habeas action in May 2009.  In the petition, petitioner alleges four grounds for relief:

**Ground One:**  The trial court erred to the prejudice of defendant- appellant by imposing a sentence that is contrary to law. Violating [the] 5th, 6th and 14th Amendments of the U.S. Constitution and Art. 1, §§[] 2, 10, 16 Ohio State Constitution.

**Supporting Facts:**  The sentence that was imposed was vindictive.  Due process of law requires that vindictiveness against a defendant for successfully attacking his first conviction must play no part in the sentence he receives.  Also, due process requires that the defendant be free of apprehension of such retaliatory motivation on the part of the sentencing judge.

**Ground Two:**  The trial court erred to the prejudice of defendant- appellant by imposing a sentence that is contrary to law. Violating his 5th, 6th, and 14th Amendment[] rights under the U.S. Constitution, and Art. 1, §§[] 2, 10, 16 under Ohio Constitution.

**Supporting Facts:**  The sentence imposed was excessive.  Ohio Courts are guided by certain statu[t]es w[h]ere the trial court has to consider certain facts before imposing sentences.  Th[ese] factfindings were held unconstitutional.  Defendant could have under Ohio law been sentenced to community control.  There was nothing in the statu[t]e that made it mandatory [that] the defendant['s] entire sentence be served in prison.  The Defendant was sentenced far beyond the maximum sentence for this conviction.

**Ground Three:**  The trial court erred to the prejudice of appellant [by] sentencing him on Counts 1 and 2, as they were offenses of a similar import and should have been merged.  Violating his 5th and 6th Amendment rights under the U.S. Constitution and Art. 1, §§ 10, 16 of the Ohio Constitution.

**Ground Four:**  The trial court erred to the prejudice of the defendant- appellant by overruling his motion for acquittal under Ohio Criminal Procedure Rule 29.  Violating his 5th & 6th Amendment

rights under the United States Constitution and Art. 1, §§ 10, 16 of the Ohio Constitution.

(Doc. 3, pp. 6-A, 7-A, 9-A, 10-A).

In the return of writ filed in response to the petition, respondent contends that the "conviction based" claims alleged in Grounds Three and Four of the petition are barred from review by the one-year statute limitations set forth in 28 U.S.C. § 2244(d)(1)(A); that petitioner has waived any claim alleged in Ground Two of cognizable constitutional error because he failed to raise such a claim to the state appellate courts; and that petitioner is not entitled to habeas relief based on the merits of the claims alleged in Grounds One and Two challenging the trial court's resentencing decision. (Doc. 11, Brief, pp. 6-24).

## OPINION

### Grounds Three And Four Are Not Time-Barred, But Are Unexhausted; This Action Should Be Stayed So That Petitioner Can Exhaust The Claims By Way Of The Available Remedy Of A Delayed Appeal To The Ohio Supreme Court

In Ground Three of the petition, petitioner essentially alleges that his convictions and sentences for both aggravated robbery and robbery constitute multiple punishments for the same offense prohibited by the Constitution's Double Jeopardy Clause. (*See* Doc. 3, p. 9-A). In Ground Four, petitioner contends that he is entitled to federal habeas relief because the State failed to meet its burden of proving his guilt beyond a reasonable doubt on the charges of aggravated robbery and robbery with firearm specifications. (*Id.,* p. 10-A). Both of these claims were raised on direct appeal and were rejected by the Ohio Court of Appeals in its initial decision on December 8, 2006 affirming in part and reversing in part the trial court's judgment and remanding the matter for resentencing; petitioner did not appeal that decision to the Supreme Court of Ohio.

Respondent argues in the return of writ that the two grounds for relief, which challenge petitioner's underlying convictions and do not

pertain to the subsequent resentencing proceeding, are time-barred under 28 U.S.C. § 2244(d)(1)(A).  (*See* Doc. 11, Brief, pp. 6-7).  Under § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations provision is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Citing the Sixth Circuit's decision in *Bachman v. Bagley,* 487 F.3d 979, 984 (6th Cir. 2007), and an unpublished decision from the Northern District of Ohio−*Thompson v. Hudson,* No. 1:07cv2954, 2009 WL 395845 (N.D. Ohio Feb. 18, 2009) (unpublished), respondent contends that the "appropriate start date for the statute of limitations is determined by the content of the claims" and that, therefore, with respect to Grounds Three and Four, petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) when the 45-day period expired for filing a timely appeal to the state supreme court from the court of appeals' initial December 8, 2006 direct appeal decision, rather than when the subsequent resentencing matter concluded.  (Doc. 11, Brief, pp. 7-8).  It is respondent's position that the statute of limitations commenced running on January 23, 2007, or one day after the 45-day appeal period ended, and expired one year later on January 23, 2008 because neither the statutory tolling provision set forth in § 2244(d)(2) nor equitable tolling principles are applicable in this case.  (*Id.*, pp. 8- 10).

The Court is not persuaded by the cases respondent has cited in support of the State's position.  First, *Bachman* is distinguishable factually from the case-at- hand.  In *Bachman*, the petitioner was convicted of numerous sexual offenses and sentenced in 1995; the direct review proceedings concluded in January 1997.  *Bachman*, 487 F.3d at 980.  In 2000, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction, which was denied as untimely under 28 U.S.C. § 2244(d)(1)(A) in June 2003.  *Id.*  The petitioner appealed the district court's ruling to the Sixth Circuit.  In April 2004, while his appeal was pending before the Sixth Circuit, the trial court conducted a hearing pursuant to the requirements of Ohio's sex offender registration law, as amended, and determined that

petitioner was a sexual predator; the Ohio Court of Appeals affirmed the determination in December 2004. *Id.* On appeal to the Sixth Circuit, the petitioner argued that his adjudication in 2004 as a sexual predator "effectively reopened the judgment against him and restarted the statute of limitations period." *Id.*

The Sixth Circuit correctly held in the context of the circumstances presented in that case that petitioner's designation as a sexual predator did not restart the running of the statute of limitations on claims arising from the underlying conviction and sentence, which were rendered final by the conclusion of direct review years earlier. In so ruling, however, the Sixth Circuit did disagree with an Eleventh Circuit decision–*Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003)–which is applicable to the case-at-hand to the extent the circuit court held that "where a habeas petition brings multiple claims, including a challenge to a resentencing decision, that resentencing restarts the statute of limitations period for *all* of the claims in a habeas petition, including those that arise from the original conviction." *Bachman*, 487 F.3d at 984 (citing *Walker*, 341 F.3d at 1246) (emphasis in original). The *Bachman* court reasoned that *Walker* contradicted binding Sixth Circuit precedents, which dictate that "courts determine the beginning of the one-year statute of limitations based on the content of the prisoner's claim." *See id.* (citing *Linscott v. Rose*, 436 F.3d 587 (6th Cir. 2006), and *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006)). The district court in *Thompson* applied this reasoning to a case that is factually analogous to the case-at-hand, in rejecting the petitioner's argument that his conviction did not become "final" for statute of limitations purposes until the sentence imposed upon resentencing was rendered final by the conclusion of direct review. *See Thompson, supra*, 2009 WL 395845, at *3-4.

However, neither the Sixth Circuit in *Bachman* nor the district court in *Thompson* discussed the Supreme Court's decision in *Burton v. Stewart,* 549 U.S. 147 (2007) (*per curiam*), when addressing the specific question posed herein as to whether a resentencing determination affects the finality of a judgment of conviction for statute of limitations purposes.

In *Burton,* the petitioner was first convicted and sentenced in 1994, then resentenced in 1996, and again resentenced in 1998. *See Burton,* 549 U.S. at 149- 51. In 1998, after the final resentencing judgment was entered, but while his appeal from that entry was pending in the state courts, petitioner filed a § 2254 petition requesting review of the 1994 judgment of conviction, wherein he raised claims challenging the underlying convictions only and not his sentence. *Id.* at 151. The district court denied relief, and the circuit court affirmed. *Id.* In 2002, after exhausting his state court appeal from the 1998 resentencing decision, petitioner filed another federal habeas petition contesting the 1998 judgment, wherein he challenged only the constitutionality of his sentence. *Id.* at 151-52. Although the district and circuit courts reviewed the petition on the merits, the Supreme Court held that it constituted a "second or successive" petition under 28 U.S.C. § 2244(b), which the district court lacked jurisdiction to consider absent authorization from the circuit court pursuant to gatekeeping provisions set forth in § 2244(b)(3). *Id.* at 152.

In so holding, the Court rejected the petitioner's argument that his 1998 and 2002 petitions challenged different judgments. *Id.* at 155-56. The Court reasoned that the 1998 judgment was the judgment pursuant to which petitioner was being detained both when he filed his first petition in 1998 and his second petition in 2002, and that "there was no new judgment intervening between the two habeas petitions." *Id.* at 156.

Of particular relevance to the instant case, the Court specifically addressed when a judgment becomes final for statute of limitations purposes in rejecting another argument asserted by petitioner to the effect that "had he not filed the 1998 petition when he did, and instead waited until state review of his sentencing claims was complete, he risked losing the opportunity to challenge his conviction in federal court due to [the] 1-year statute of limitations" set forth in 28 U.S.C. § 2244(d)(1). *Id.* The Court stated:

[T]his argument misreads [the statute], which states that the limitations period applicable "to a person in custody pursuant to the judgment of a State court" shall run from, as relevant here, "the date

on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." § 2244(d)(1)(A). "Final judgment in a criminal case means sentence. The sentence is the judgment.".... Accordingly, Burton's limitations period did not begin until both his conviction *and* sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review"–which occurred well *after* Burton filed his 1998 petition.

*Id.* at 156-57 (quoting *Berman v. United States,* 302 U.S. 211, 212 (1937)) (emphasis in original).

In light of this holding in *Burton,* the Court finds that the Sixth Circuit's discussion in *Bachman* about the the effect of resentencing on the running of the statute of limitations no longer carries precedential weight. *Cf. Bennett v. Wolfenbarger,* No. 2:10cv11054, 2010 WL 2231798, at *2 n.1 (E.D. Mich. June 2, 2010) (unpublished) (noting "some concern regarding whether *Bachman* has been undermined by *Burton*"). Indeed, when the petitioner in *Bachman* later returned to federal court with another habeas petition raising claims stemming from the sex offender registration hearing and sought to assert additional claims challenging his underlying convictions and sentence in light of *Burton*, the district court acknowledged that "*Burton* stands for the proposition that 'a habeas petitioner who files his *first* or *only* habeas petition after a re-sentencing may properly include all claims from the underlying conviction in that petition, since his criminal case did not end, triggering the statute of limitations clock, until sentencing was completed.'" *Bachman v. Wilson,* No. 5:05cv1735, 2007 WL 4553988, at *5 (N.D. Ohio Dec. 19, 2007) (unpublished).[3]  Moreover, in contrast to *Thompson,* other district courts in Ohio, citing *Burton*, have indicated in cases such as this, where the conviction was affirmed on direct appeal, but the matter was remanded for resentencing, that the conviction is finalized for statute of limitations purposes when the resentencing decision becomes final by the conclusion of direct review or expiration of time for seeking such review; therefore, "a habeas corpus petition which is timely filed after resentencing may properly raise issues not only concerning the resentencing, but the underlying conviction" as well. *See, e.g.,*

*Johnson v. Brunsman,* No. 2:09cv369, 2010 WL 1856301, at *2 (S.D. Ohio May 10, 2010) (Kemp, M.J.) (Report & Recommendation) (unpublished), *adopted,* 2010 WL 2301287 (S.D. Ohio June 7, 2010) (Watson, J.) (unpublished); *Plaza v. Hudson,* No. 1:07cv674, 2008 WL 2017573, at *1, *9 (N.D. Ohio May 7, 2008) (unpublished).

In federal habeas cases decided after *Burton,* most courts have held in reliance on *Burton* that "when a petitioner has been re-sentenced ..., it is the underlying conviction and the most recent sentence authorizing the petitioner's detention that taken together, constitute the relevant judgment" for statute of limitations purposes. *See, e.g., Cochran v. Phelps,* 600 F.Supp.2d 603, 607 (D. Del. 2009) (and cases cited therein); *see also Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1286, 1291-93 (11th Cir. 2007), *cert. denied,* 129 S.Ct. 1033 (2009); *Hess v. Ryan,* 651 F.Supp.2d 1004, 1019-21 (D. Ariz. 2009) (and cases cited therein); *Walker v. Perlman,* 556 F.Supp.2d 259, 262-63 (S.D.N.Y. 2008) (and cases cited therein); *Henderson v. Martel,* No.CIV S-09-2189 DAD P, 2010 WL 2179913, at *2 (E.D. Cal. May 26, 2010) (unpublished); *Edwards v. New York,* No. 08 Civ. 0112 (RJS)(JCF), 2009 WL 4016412, at *3, *4-5 (S.D.N.Y. Nov. 18, 2009) (unpublished) (and cases cited therein); *Cookman v. Barone,* No. Civ.A. 08-4980, 2009 WL 5736746, at *3 (E.D. Pa. June 11, 2009) (Report & Recommendation) (unpublished) (and cases cited therein), *adopted,* 2010 WL 331705 (E.D. Pa. Jan. 26, 2010) (unpublished).

The undersigned is similarly persuaded that *Burton* governs the statute of limitations issue in the instant case.  Therefore, contrary to respondent's contention, the statute of limitations did not begin to run with respect to the claims alleged in Grounds Three and Four of the petition until the trial court's January 19, 2007 resentencing decision became final by the conclusion of direct review or expiration of time for seeking such review.

Under 28 U.S.C. § 2244(d)(1)(A), "direct review" includes review by the United States Supreme Court of a petition for writ of certiorari.  *See Lawrence v. Florida,* 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000); *cf. Clay v. United States,* 537 U.S. 522, 527-28 (2003).  Therefore, in this case, petitioner's conviction and sentence became final on August 5, 2008,

when the 90-day period expired for filing a petition for writ of certiorari to the Supreme Court from the Supreme Court of Ohio's final decision on May 7, 2008 dismissing petitioner's appeal challenging the trial court's January 19, 2007 resentencing determination. The statute of limitations commenced running one day later on August 6, 2008, *see* Fed. R. Civ. P. 6(a); *Bronaugh,* 235 F.3d at 285, and was not due to expire until August 6, 2009. The instant petition, which was filed in May 2009 within that one-year time frame, is timely.[4] The claims alleged in Grounds Three and Four of the petition challenging petitioner's underlying conviction were properly raised in the petition, and thus are not subject to dismissal on statute of limitations grounds.

Although the claims alleged in Grounds Three and Four of the petition are not time-barred as argued by respondent, it appears that petitioner has not exhausted the claims in the state courts because he did not pursue an appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' December 8, 2006 decision overruling those claims of error. Respondent has not asserted an exhaustion argument in the return of writ, and instead has chosen to rely solely on the statute of limitations defense. Nevertheless, in the absence of an express waiver by respondent of the exhaustion requirement, this Court has the authority to raise and consider the issue *sua sponte. See Clinkscale v. Carter,* 375 F.3d 430, 436-37 (6th Cir. 2004) (citing *Harris v. Rees,* 794 F.2d 1168, 1170 (6th Cir. 1986)), *cert. denied,* 543 U.S. 1177 (2005).

Generally, an application for a writ of habeas corpus under § 2254 shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A state detainee with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). To fulfill the exhaustion requirement, the state detainee must provide the state

courts with "one full opportunity to resolve any constitutional issues
by invoking one complete round of the State's established appellate
review process," which, in Ohio, includes discretionary review in the
state's highest court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842
(1999)*; see also Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990);
*Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474
U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the
requisite levels of state appellate review, but still has an avenue open
to him in the state courts by which he may present the claims, his
petition is subject to dismissal without prejudice for failure to exhaust
state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion
requirement is not jurisdictional, and an application for writ of habeas
corpus may be denied on the merits notwithstanding the petitioner's
failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a
strong presumption in favor of requiring exhaustion of state remedies.
*See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed"
petition containing both unexhausted claims and claims that have been
fairly presented to the state courts is subject to dismissal without
prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510,
522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective
Death Penalty Act (AEDPA), which "preserved *Lundy*'s total
exhaustion requirement," but also imposed a one-year statute of
limitations on the filing of federal habeas petitions under 28 U.S.C. §
2254, *see Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal
courts (including the Sixth Circuit) have adopted a "stay-and-
abeyance" procedure to ensure habeas review is not precluded in the
class of cases where a timely-filed federal habeas petition is dismissed
on exhaustion grounds and petitioner subsequently returns to federal
court to present his claims in a renewed petition after exhausting his
state remedies only to find that his claims are barred from review by
the applicable limitations period set forth in 28 U.S.C. § 2244(d)(1).
*See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002);
*Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).[5]

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that

district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The instant petition is a mixed petition containing both exhausted claims, to the extent that petitioner challenges the resentencing decision in Grounds One and Two, and unexhausted claims, to the extent petitioner challenges the Ohio Court of Appeals' December 2006 decision overruling the claims of error alleged in Grounds Three and Four. It further appears that an avenue of relief remains available for petitioner to pursue relief on the unexhausted claims alleged in Grounds Three and Four. Specifically, because petitioner never sought to appeal the Ohio Court of Appeals' December 2006 direct appeal decision to the Supreme Court of Ohio, he may still be able to obtain state supreme court review of the claims that were rejected by the Ohio Court of Appeals by way of a motion for delayed appeal to the Supreme Court of Ohio. *See* Ohio S.Ct. Prac. R. II, § 2(A)(4)(a).[6]

Here, petitioner did attempt a second time to seek redress in the state courts on the claim alleged in Ground Three by raising it as an assignment of error on appeal from the trial court's January 19, 2007 resentencing decision. However, the Ohio Court of Appeals, which was the only state court to issue a reasoned decision addressing the claim in that appeal, held that the claim was barred from review as *res judicata* because it previously had been decided in petitioner's first appeal. (*See* Doc. 11, Ex. 16, p. 7). The Supreme Court of Ohio's later unexplained order dismissing petitioner's appeal "as not involving any substantial constitutional question" did not constitute a review of the merits of petitioner's claim, but rather is presumed to rely on the same state procedural bar to review. *Cf. Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *see also Taqwiim v. Johnson*, 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Levine v. Torvik*, 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied*, 509 U.S. 907 (1993), and *Ylst,* 501 U.S. at 803-04), *cert. denied*, 531 U.S. 1089 (2001).

Petitioner's exhausted appeal from the resentencing entry, therefore, did not constitute an available alternative remedy that was pursued by petitioner to obtain review by the state's highest court of claims that were adjudicated by the Ohio Court of Appeals in his

initial appeal. *Contrast Keener v. Ridenour,* 594 F.2d 581, 584 (6th Cir. 1979). Because petitioner still may pursue a delayed appeal from the appellate court's decision in that initial appeal, the claims adjudicated against petitioner in that appeal are unexhausted.

Requiring petitioner to exhaust the remedy of a delayed appeal to the Supreme Court of Ohio will serve the interests of federal-state comity by giving the state's highest court the opportunity to address the merits of the claims alleged in Grounds Three and Four of the petition. *See Castille v. Peoples,* 489 U.S. 346, 349 (1989). Even if it is unlikely that the Supreme Court of Ohio will grant a motion for delayed appeal at this late juncture, the federal habeas court, out of an abundance of caution, should still provide the state court with the opportunity to exercise its discretion in favor of the availability of the remedy. *Cf. Sampson v. Love*, 782 F.2d 53, 58 (6th Cir.), *cert. denied*, 479 U.S. 844 (1986).

Because petitioner has not exhausted an arguably available state court remedy, his "mixed" habeas corpus petition should either be stayed or dismissed without prejudice. In this case, the Court is unable to conclude at this juncture that petitioner's unexhausted claims in Grounds Three and Four are "plainly meritless." Moreover, petitioner has not engaged in intentional dilatory litigation tactics. Indeed, given the unique procedural history of this case, where the Ohio Court of Appeals sustained some of petitioner's assignments of error in the initial appeal and remanded the matter for resentencing, petitioner was arguably reasonably confused as to how to proceed in appealing adverse rulings by the Ohio Court of Appeals in the initial appeal. Finally, this is the type of case for which the stay- and-abeyance approach was adopted, because if this Court were to dismiss the instant timely-filed petition without prejudice at this juncture, the one-year statute of limitations could pose a bar to review of any future habeas petition filed by petitioner after he has exhausted his state court remedies. *See Rhines*, 544 U.S. at 277-78.

Accordingly, the Court concludes that a stay is warranted in this case in the interests of justice. It is, therefore, **RECOMMENDED** that the instant habeas corpus petition (Doc. 3) be **STAYED** and **HELD IN ABEYANCE** so that petitioner can exhaust the claims

alleged in Grounds Three and Four of the petition by pursuing the arguably available remedy discussed above of a delayed appeal to the Supreme Court of Ohio from the Ohio Court of Appeals December 8, 2006 direct appeal decision.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be administratively STAYED and terminated on the Court's active docket pending petitioner's exhaustion of his Ohio remedies.  The stay should be conditioned on (1) petitioner's pursuing the state court relief discussed herein of a delayed appeal to the Supreme Court of Ohio within thirty (30) days of the date of filing of any Order adopting this Report and Recommendation; and (2) petitioner's filing a motion to reinstate the case on the Court's active docket within thirty (30) days after fully exhausting that state court remedy.  Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies as discussed herein and has complied with the conditions of the stay.

2.   A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), which *may* be applicable to this case involving a recommended stay of the petition on exhaustion grounds.  *Cf. Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds); *see also Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order); *but cf. Swanson v. DeSantis*, _ F.3d _, No. 09-1501, 2010 WL 2219669, at *5 (6th Cir. June 4, 2010) (to be published).[7]  "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that, therefore, this case should be stayed pending the exhaustion of such remedies.[8]

     3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date:  <u> 6/23/10    </u>                          <u>s/ J. Gregory Wehrman     </u>

             cbc                                 J. Gregory Wehrman

                                       United States Magistrate

Judge

J:\BRYANCC\2010 habeas orders\09-336suasponte-exhstay.noSOLbar-resentence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

_____

Jermaine Johnson,
      Petitioner

      vs                                Case No. 1:09cv336
                                           (Beckwith, S.J.;

Wehrman, M.J.)

Warden, Lebanon Correctional
Institution,
      Respondent

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

[1]The remaining firearm specifications were merged "for the purpose of sentence" into the specification resulting in the three-year prison term that was attached to the aggravated robbery count.  (*See* Doc. 11, Ex. 7).

[2]In the prior case, No. B-0302537, petitioner was convicted of having weapons while under disability upon entry of a guilty plea.  (*See* Doc. 11, Ex. 5).  He was sentenced in September 2003 to an 11-month prison term "to be served consecutively to the sentence imposed for the post release control

violation conviction in Case Number B9804382," or a total sentence of 18 months in the combined cases.  (*Id.*).  As part of his sentence, petitioner also was subject to post-release control supervision.  (*Id.*).  On May 13, 2005, the trial court sentenced petitioner to a one-year term of imprisonment in Case No. B-302537 as a sanction for his violation of post- release control in that case.  (*Id.,* Ex. 6).

[3]The district court concluded in that case, however, that because the petitioner had previously filed a § 2254 petition challenging his convictions and sentence, which was adjudicated before the sex offender registration hearing was held, the "sexual predator designation intervened between the July 10, 2000 petition and the instant Petition [filed on July 7, 2005], and thus ... constitutes a final judgment only as to the sexual predator designation part of Bachman's sentence." *Bachman, supra,* 2007 WL 4553988, at *5.

[4]In any event, even assuming the original judgment was the relevant date for determining when petitioner's conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A), a strong alternative argument can be made that the statute of limitations was statutorily tolled under § 2244(d)(2) during the pendency of the resentencing matter before the state courts and, thus, did not begin to run until May 8, 2008, the day after the Ohio Supreme Court dismissed petitioner's appeal on resentencing.  *Cf. Hess,* 651 F.Supp. at 1021 n.6; *see also Lawrence,* 549 U.S. at 337 (unlike "direct review" under 28 U.S.C. § 2244(d)(1)(A), the 90-day period for filing a petition for writ of certiorari to the United States Supreme Court is not included in statutory tolling under 28 U.S.C. § 2244(d)(2)).  Petitioner avers in the instant petition that he placed the petition in the prison mailing system on May 10, 2009, two days *after* the limitations period was due to expire under the tolling provision.  However, petitioner filed a motion to vacate sentence with the trial court in February 2009, within the one-year limitations period, which also arguably served to further toll the limitations period for an additional 74 days, while the motion was pending before the trial court for ruling.

[5]This stay-and-abeyance approach was first suggested by Justice Stevens in a concurring opinion joined by Justice Souter in *Duncan v. Walker,* 533 U.S. 167 (2001), wherein the Court held that a federal habeas petition is not an "application for State post-conviction or other collateral review" that tolls the one-year limitations period under 28 U.S.C. § 2244(d)(2).  In his concurrence, Justice Stevens stated that the court should exercise its equitable authority for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," by either staying the original petition while the petitioner returns to the state courts to exhaust his state remedies, or by tolling the statute of limitations for any such petition dismissed without prejudice on exhaustion grounds.  *See Duncan,* 533 U.S. at 182-84.

[6]*Cf. Vasquez v. Bradshaw,* 522 F.Supp.2d 900, 906 (N.D. Ohio 2007)*, aff'd,* 345 Fed.Appx. 104 (6th Cir. 2009), *petition for cert. filed*, No. 09-1328, 78 USLW 3653 (U.S. Apr. 28, 2010); *Colbert v. Tambi,* 513 F.Supp.2d 927, 939,

948-49 (S.D. Ohio 2007) (Weber, S.J.; Black M.J.); *Cannon v. Walton,* No. 1:08cv612, 2010 WL 1253484, at *3 (S. D. Ohio Mar. 4, 2010) (Hogan, M.J.) (Report & Recommendation) (unpublished), *adopted,* 2010 WL 1257911 (S.D. Ohio Mar. 30, 2010) (Dlott, C.J.) (unpublished); *Davis v. Ohio,* No.2:08cv729, 2009 WL 137517, at *2 (S.D. Ohio Jan. 20, 2009) (Smith, J.; Abel, M.J.) (unpublished) (and cases cited therein); *Fisher v. Hurley,* No. 2:04cv622, 2006 WL 871194, at *1, *3-4 (S.D. Ohio Mar. 29, 2006) (Marbley, J.; Kemp, M.J.) (unpublished); *but cf. Mills v. Hudson,* No. 3:08cv1974, 2009 WL 484181, at *1 (N.D. Ohio Feb. 25, 2009) (unpublished) (agreeing with and adopting the magistrate judge's report and recommendation, in which the magistrate judge concluded in part that the remedy of a delayed appeal to the Supreme Court of Ohio was "not available" to the petitioner because the petitioner could only request "*permission* to raise his claims" and thus had "no *right* to raise them") (emphasis in original).

[7]In *Swanson, supra,* 2010 WL 2219669, at *5, the Sixth Circuit recently held that a district court's order *denying* a stay of *part* of the case was not an appealable collateral order.  In so ruling, the court distinguished *Carmichael* and *Christy,* but noted in dicta that it "is not clear" whether those decisions "remain good law after [*Mohawk Indus., Inc. v. Carpenter,* 130 S.Ct. 599 (2009),] in which the Court expressed reservations about expanding the [appealable- collateral-order] doctrine." *Swanson, supra,* 2010 WL 2219669, at *5.  Without deciding the issue, the Sixth Circuit stated that "[a]t least one court has suggested 'no.'" *Id.* (citing *Thompson v. Frank,* 599 F.3d 1088, 1090 (9th Cir. 2010) (*per curiam*) (dismissing appeal from exhaustion stay order issued in habeas case)).  Absent a definitive ruling by the Sixth Circuit on this issue, the Court assumes only that any stay order issued in this case *may* be appealable.

[8]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, the second prong of *Slack* need not be addressed as to whether "jurists of reason" would find it debatable that petitioner has stated a viable constitutional claim in his habeas petition.  *See Slack,* 529 U.S. at 484.