**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jermaine Johnson,
    Petitioner

v.                 Case No.   1:09-cv-336

Warden, Lebanon Correctional
Institution,
    Respondent

# ORDER

    This matter is before the Court on the Magistrate Judge's Report and Recommendation filed June 23, 2010 (Doc. 13).

    Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). As of the date of this Order, no objections to the Magistrate Judge's Report and Recommendation have been filed.

    Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, we find the Magistrate Judge's Report and Recommendation correct.

    Accordingly, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED**. Petitioner's petition for writ of habeas corpus is **STAYED** and terminated on the Court's docket pending petitioner's exhaustion of his Ohio remedies. The stay is conditioned on 1) petitioner's pursuing the state court relief of a delayed appeal to the Supreme Court of Ohio within 30 days from the date of this Order; and 2) petitioner's filing a motion to reinstate this case on the Court's docket within thirty (30) days after fully exhausting that state court remedy. Petitioner is **GRANTED** leave to reinstate this case when he has exhausted his Ohio remedies and has complied with the conditions of the stay.

    A certificate of appealability will not issue under the standard set forth in *Slack v McDaniel*, 529 U.S. 473, 484-85 (2000), which *may* be applicable to this case involving a recommended stay of the petitioner on exhaustion grounds. *Cf. Porter*

*v White*, No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case) (certificate of appealability denied when case dismissed on exhaution grounds); *see also Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v Horn*, 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order); *but cf. Swanson v DeSantis*, _F.3d_, No. 09-1501, 2010 WL 2219669, at *5 (6th Cir. June 4, 2010) (to be published).[1] "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that, therefore, this case should be stayed pending the exhaustion of such remedies.[2]

This Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) an appeal of this Order would not be taken in good faith, and therefore DENIES petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: July 20, 2010                                                              s/Sandra S. Beckwith
                                                                                              Sandra S. Beckwith, Senior Judge
                                                                                              United States District Court

---

[1] In *Swanson, supra,* 2010 WL 2219669, at *5, the Sixth Circuit recently held that a district court's order *denying* a stay of *part* of the case was not an appealable collateral order. In so ruling, the court distinguished *Carmichael* and *Christy*, but noted in dicta that it "is not clear" whether those decisions "remain good law after [*Mohawk Indus., Inc. v. Carpenter,* 130 S.Ct. 599 (2009),] in which the Court expressed reservations about expanding the [appealable-collateral-order] doctrine." *Swanson, supra,* 2010 WL 2219669, at *5. Without deciding the issue, the Sixth Circuit stated that "[a]t least one court has suggested 'no.'" *Id.* (citing *Thompson v. Frank,* 599 F.3d 1088, 1090 (9th Cir. 2010) (*per curiam*) (dismissing appeal from exhaustion stay order issued in habeas case)). Absent a definitive ruling by the Sixth Circuit on this issue, the Court assumes only that any stay order issued in this case *may* be applicable.

[2] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, the second prong of *Slack* need not be addressed as to whether "jurists of reason" would find it debatable that petitioner has stated a viable constitutional claim in his habeas petition. *See Slack,* 529 U.S. at 484.